LUDLOW v. JOHN SINGLE PAPER CO., Limited.

(Supreme Court, Appellate Division, Third Department.  May 21, 1909.)

1. VENUE (§ 52*) — CHANGE — CONVENIENCE OF WITNESSES — MATERIALITY OF TESTIMONY.

In an action for the price of paint, in which the defense was breach of warranty as to quality, witnesses by whom plaintiff intended to show that they had purchased paint similar to that purchased by defendant, but who had never seen or used that particular lot of paint, were not material witnesses on the question of quality, so as to be counted on defendant's motion to change the venue for the convenience of witnesses; but a witness who purchased from defendant a part of the paint it purchased from plaintiff, and another witness who had formerly worked for plaintiff and was familiar with the composition of the paint in question, were material witnesses.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

2. VENUE (§ 52*)—CHANGE—GROUNDS—CONVENIENCE OF WITNESSES.

Where, in an action for the price of paint, in which the defense was breach of warranty of quality, plaintiff's material witnesses, who resided in G. county, did not preponderate in number over defendant's witnesses, who resided in O. county, and the contract of sale was made in O. county, where the paint was delivered and all the transactions took place, a motion to change the venue to O. county for convenience of witnesses should have been granted.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, Greene County.

Action by Edward B. Ludlow against the John Single Paper Company, Limited.  From an order denying a motion to change the place of trial, defendant appeals.  Reversed, and motion granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

G. Harold Merry, for appellant.
H. Leroy Austin, for respondent.

PER CURIAM.  The action is one for the recovery of the purchase price of paints sold to the defendant by the Tropical Oil Company, an Ohio corporation, the account for which has been assigned to the plaintiff, who is the Eastern sales manager and salesman of such company, and who resides in Greene county.  The defendant denies the material allegations of the complaint, and also sets up a breach of warranty and misrepresentation as to the quality of the paint.  The affidavits of the defendant name 10 witnesses, including its president, all of whom reside in Onondaga county, except one, who resides in an adjoining county.  The plaintiff's affidavit names 11 witnesses residing in Greene county.

It is urged on behalf of the plaintiff that one of the defendant's witnesses is an expert, and that four of the other witnesses are employés of the defendant, and therefore that none of these witnesses, nor the president, should be considered upon this application.  We may concede, without deciding, this; but still the motion should have been granted.  The plaintiff's witnesses are all on the question of the qual-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ity of the paint, which is the principal question to be tried, and it is stated that it will be shown by nine of them that they have purchased or used paint identical with the paint in question. It is not pretended that any of these nine witnesses ever saw or had any of the paint which was shipped to the defendant, but that they had purchased or used paint manufactured by the defendant and shipped to others. It is not apparent how they could know anything concerning the paint in question. Two only of the defendant's witnesses are shown to be in a position to give material evidence on the issues involved here, one of whom, it is claimed, went to Syracuse and purchased from the defendant a portion of the paint which it received from the Tropical Oil Company, and another that he formerly worked for that company, and that he was familiar with the composition and manufacture of the paint in question. They are, therefore, material witnesses on the question of quality.

This being the situation, there is no preponderance in the number of material witnesses in favor of the plaintiff over those of the defendant. All the transactions took place in Onondaga county. This sales agent, who is now the plaintiff, and the defendant, made the contract there, and the paint was delivered there. Such of it as had been sold has been used there. If the claim had not been assigned to the plaintiff, the action would necessarily have been required to be brought there. Under such circumstances, we think the action should be tried there.

The order should be reversed with $10 costs and disbursements, and motion granted, with $10 costs to abide the event.